IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 18-00242-KD-B |
| | ) |
| MACK DOAK and JAYCEE DOAK, | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTIONS HEARING

The Court held a hearing on May 6, 2019 to address multiple pending motions in this criminal case. Those present for the hearing included Defendants Mack Doak and Jaycee Doak, Defendants' counsel Latisha Colvin and Joe Carl Jordan, and Assistant United States Attorneys Sinan Kalayoglu, Katherine Chappelear, and Maria E. Murphy. This Order summarizes the Court's decisions announced during the hearing.

### Daubert Motions

Both Defendants challenged two of the Government's proposed expert witnesses, Jane Agee and Janetta Michaels. (Docs. 68–71). During the hearing, the Government reiterated that it anticipates Agee will testify primarily as a fact witness. The Court stated that Agee will be permitted to testify as a fact witness, but that she could not testify to her conclusions in the case. The Court denied the Daubert motions challenging Michaels, with leave to renew the motions before Michaels' testimony.[1] The Daubert motions are **DENIED**.

### Government's Two Motions in Limine

The Government filed two motions in limine. The first is an omnibus motion in limine that addresses 17 separate matters. In general, both Defendants responded that they would comply with

---

[1] Jaycee Doak is permitted to raise issues related to the reliability of Michaels' opinion with the Court again, provided she uncovers academic research or other court decisions to undercut Michaels' opinions.

relevant Court and evidentiary rules. The Court addressed three issues in particular that the motion raised. Aside from the matters addressed in the hearing related to this motion, the motion (Doc. 75) is **MOOT**.

The second is a motion in limine to exclude Defendants from making any reference to the victims' sexual behavior or predisposition, pursuant to FED. R. EVID. 412. Defendant Mack Doak's counsel responded that she would comply. The Government's second motion in limine (Doc. 77) is **GRANTED**.

### Government's Motions for Pretrial Rulings on Admissibility

The Government filed two motions for pretrial rulings on admissibility. The first concerns videos of Victims 1–3 being forensically interviewed. Because a victim's testimony controls whether a certain video may be admissible under the evidentiary rules the Government cited, the motion for a pretrial ruling on admissibility (Doc. 76) is **CARRIED TO TRIAL**.

The second motion pertained to four specific business records for which the Government sought the Court's preliminary determination that the records are authentic. For the purposes of showing the records are kept by the entities, the Government need not call a custodian to testify. The motion (Doc. 114) is **GRANTED** as explained on the record. However, this ruling does not address Defendants' other objections related to the Facebook records, such as the Bruton objection Defendants raised. The Government was instructed to select, identify, and file with the Court—on or before Monday, May 13—the specific Facebook records it intends to introduce to permit the Court to consider the other objections Defendants' counsel raised.

### Jaycee Doak's Third Motion In Limine

Jaycee Doak's third motion in limine sought to preclude the Government "from introducing or making any reference to child pornography." (Doc. 109). The Court noted that it will provide a

limiting instruction (assuming Jaycee Doak's counsel requests one) to the jury that any and all references to child pornography should not be considered against Jaycee Doak. The motion in limine to prohibit all references to child pornography during trial (Doc. 109) is **DENIED**.

**Jaycee Doak's Fourth and Fifth Motions in Limine/Government's 404(b) and 404(b), 413, and 414 Notices**

Jaycee Doak's fourth motion in limine concerns the Government's 404(b) Notice. In the Notice, the Government announced its intent to introduce evidence of Jaycee and Mack Doak's prior physical abuse of the victims in an effort to explain the victims' delayed reporting. The evidence includes general maltreatment and testimony of the disparate treatment of the adopted and biological children. The Court held that the Government is prohibited from introducing evidence of Jaycee Doak's alleged physical abuse of the children until further consideration by the Court. However, the Government is permitted to introduce evidence of Mack Doak's alleged physical abuse. The Court also indicated that, at this point, it failed to see the relevance of the disparate treatment of the adopted and biological children.

Jaycee Doak's fifth motion in limine sought to exclude the testimony of Mack Doak's other alleged victims the Government described in its 404(b), 413, and 414 Notice, as well as a supplemental notice. (Docs. 80 & 126). The Government's Notice included eight victims. The eight alleged victims will be permitted to testify pursuant to Rules 413 and 414, and the motion to exclude their testimony (Doc. 111) is **DENIED**.[2]

**Jury Instructions**

The Court instructed counsel to submit, on or before **Monday, May 13, 2019**, offense-related proposed jury instructions and any special jury instructions expected to be necessary. The proposals

---

[2] During the hearing, the Court denied Jaycee Doak's renewed motion to sever.

need not include any preliminary or boilerplate instructions; instead, counsel should limit the proposed instructions to the two counts the indictment charges and any requested or special instructions.[3]

**DONE** the 7th day May 2019.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[3] This Court charged the jury with the attached instructions during the case of <u>United States v. Charlene Schmitz</u>, 1:07-cr-00365-KD-M. The instructions related to the criminal acts under Alabama law begin on page 8.