# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 18-00242-KD-B-1 |
| | ) | |
| MACK DOAK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO DISMISS INDICTMENT

On the eve of trial, Defendant Mack Doak filed a motion to dismiss the superseding indictment. (Doc. 140). For the reasons that follow, the Court denies the motion and instead construes it as a motion for a bill of particulars, which the Government has already addressed by providing the underlying criminal offenses.

### I. BACKGROUND

Mack and Jaycee Doak are charged in a nine-count superseding indictment. Counts 1–6, which are relevant to this motion, charge transportation with the intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a). Section 2423(a) provides that "A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce . . . with intent that the individual engage . . . in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life." 18 U.S.C. § 2423(a). "2423(a) incorporates by reference other criminal laws into its mens rea element by criminalizing the transportation of minors in interstate commerce 'with intent that the [minor] engage in . . . any sexual activity for which any person can be charged with a criminal offense.'" United States v. Adleta, 2013 WL 4734824, at *2 (M.D. Fla. Sept. 3, 2013) (quoting § 2423(a)).

Multiple crimes include the phrase "with intent that the individual engage . . . in any sexual activity for which any person can be charged with a criminal offense[.]" See e.g., 18 U.S.C. §§ 2422(a), 2422(b), 2425. The criminal offense with which any person can be charged has been held to refer to "state or federal law[,]" United States v. Gordon, 713 F. App'x 424, 429 (6th Cir. 2017) (holding that if a defendant "transports a minor with the intent that the minor engage in prostitution or criminal sexual activity, whether under state or federal law—he has violated § 2423(a)"), as well as misdemeanors. United States v. Shill, 740 F.3d 1347, 1352 (9th Cir. 2014) ("Because Congress failed to limit § 2422(b) in this way, the logical inference is that Congress intended the statute to apply to both state felony and misdemeanor conduct.").

The superseding indictment tracks the statute's language and subsequently identifies the alleged (1) month of travel; (2) which victim was transported; and (3) point of origin and destination. But, it omitted an underlying criminal offense. The Government submitted proposed jury instructions. (Doc. 138 at 1). In the instructions, the Government requested the Court instruct the jury with the following Alabama criminal offenses: rape and sexual abuse. After that request, Mack Doak filed a motion to dismiss the indictment.

## II.   ARGUMENTS

Mack Doak argues the Government's failure to identify a criminal offense in the indictment "violates his constitutional rights, including his Fifth Amendment grand jury right . . . ." (Doc. 140). "[S]ince the question whether a person 'can be charged with a criminal offense' is an element of a § 2423(a) offense, Mack Doak objects to the Court supplying possible Alabama statutes that would qualify under the 'criminal offense' requirement, where the government failed to allege any statute or criminal offense in the indictment at all." (Doc. 139 at 6). Because the indictment failed to identify

the criminal offense, he argues that the Court's plan to explain the suggested Alabama offenses (or any offenses) would constructively amend the indictment.

The Government disagrees. It first argues that the motion to dismiss is untimely, as it was filed on May 13 and the deadline for all pretrial motions was April 10. Because the motion fails to "show[] good cause[,]" Fed. R. Cim. P. 12(c)(3), it argues the Court should strike the motion. With respect to the motion's merit, the Government argues that the indictment is sufficient. It points out that that "The superseding indictment cites to 18 U.S.C. § 2423, the relevant statute, and includes the essential statutory elements. In addition, the superseding indictment identifies particular acts of transportation that have given rise to the charges." (Doc. 142 at 4). It argues that these types of statutes that criminalize by reference to other state or federal laws, "need not lay out every offense that the defendant could have been prosecuted for had he committed the underlying offense." (Doc. 142 at 5).

### III. DISCUSSION

#### a. The Indictment Is Sufficient.

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." FED. R. CRIM. P. 7(c)(1). "For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Id. "An indictment is sufficient when it '(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.'" United States v. Wayerski, 624 F.3d 1342, 1349 (11th Cir. 2010) (quoting United States v. Woodruff, 296 F.3d 1041, 1046 (11th Cir. 2002)) (internal quotation marks and citation omitted). "A criminal conviction will not be upheld if the indictment upon which it is

based does not set forth the essential elements of the offense." United States v. Gayle, 967 F.2d 483, 485 (11th Cir. 1992).

Here, because a specific statute or statutes that a defendant's successful persuasion would have violated does not constitute an essential element of the offense, the superseding indictment is not insufficient for failing to present the essential elements of the charged offense.

"[A] jury in a federal criminal case cannot convict unless it unanimously finds that the Government has proved each *element* [of the offense]." United States v. Jockisch, 857 F.3d 1122, 1127 (11th Cir.), cert. denied, 138 S. Ct. 284, 199 L. Ed. 2d 181 (2017) (emphasis in original) (quoting Richardson v. United States, 526 U.S. 813, 817, 119 S.Ct. 1707 (1999)). Unanimity is not, however, required to "decide 'which of several possible sets of underlying brute facts make up a particular element, say, which of several possible *means* the defendant used to commit an element of the crime.'" Id. (emphasis in original). In Jockisch, the Eleventh Circuit addressed whether a jury was required to unanimously agree on which underlying criminal offense the defendant would have committed if his intended persuasion occurred. Answering in the negative, the Eleventh Circuit held that "the jury does not have to unanimously guess at the one statute that a defendant's successful persuasion would have violated so long as the jury unanimously agrees that that sexual activity to be enticed would violate one of the listed statutes had it been successfully carried out." Id. at 1133. Because unanimity is not required, it cannot be said that a specific underlying criminal offense with which a defendant could be charged constitutes an essential element of the offense. In other words, since the jury must unanimously agree only that "the completed sexual activity he attempted to induce would have constituted *a* criminal offense[,]" id. at 1126 (emphasis added), but not unanimously agree on "one [specific] statute that a defendant's successful persuasion would have violated[,]" id. at 1133, it follows that the specific statutes do not constitute an essential element of the offense. As a

4

result, their omission does not render the indictment insufficient for failing to present the essential elements of the offense.[1]

### b. The Government Has Now Informed Mack Doak of the Criminal Offenses.

Although the motion to dismiss the indictment is denied, the Court, in its discretion, construes the motion to dismiss also as a motion for a bill of particulars. "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985). "No bill of particulars can cure a defective indictment; nor does a court's order that a bill of particulars be filed demonstrate the insufficiency of an indictment." United States v. Eichholz, 2009 WL 10688165, at *1 (S.D. Ga. Dec. 14, 2009). In this case, the Government has "provided notice of the underlying criminal offense[,]" (Doc. 142 at 1): "it intends to rely on the defendants' intent to engage in conduct that could be prosecuted under two [f]ederal statutes, 18 U.S.C. § 2423(b) and 18 U.S.C. § 2423(c), to establish that the defendants violated 18 U.S.C. § 2423(a)." (Doc. 142 at 1). The Court will instruct the jurors of these laws.

---

[1] This order should not be interpreted as condoning the practice of omitting the underlying criminal offenses. In its independent research, the Court found multiple nonbinding district court orders holding that an indictment should identify—by reference to statutes or facts—the criminal offense(s) with which a defendant could be charged if his intended travel and action had succeeded. See e.g., United States v. Thompson, 141 F. Supp. 3d 188, 195–96 (E.D.N.Y. 2015), aff'd, 896 F.3d 155 (2d Cir. 2018) ("Applying these principles [related to sufficiency of the indictment], the Court finds that Counts Seven through Twelve—which charge violations of 18 U.S.C. §§ 2241, 2242, and 2243—are partially deficient for failing to allege a particular 'sexual activity for which any person can be charged with a criminal offense.'"); United States v. Peel, 2014 WL 3057523, at *3 (E.D. Cal. July 7, 2014) ("Since the indictment does not allege, either by citation or sufficient factual allegations, in which criminal sexual activity or activities Defendant intended to engage, the indictment is deficient."). That the Government itself has proposed different underlying criminal offenses—first citing state law and now federal law—lends credence to Mack Doak's argument.

## IV. CONCLUSION

For the foregoing reasons, Mack Doak's motion to dismiss the indictment (Doc. 140) is **DENIED**.

**DONE** the 17th day of May 2019.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**